IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL JEROME HATCHETT,

    Plaintiff,　　　　　　　　　　No. CIV S-08-1832 DAD

   vs.

KELLY N. BROOGSBY, et al.,　　　　ORDER AND

    Defendants.　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 28 U.S.C. § 1983.[1] The court will recommend that this action be dismissed without prejudice because on the face of the complaint the action is barred by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Plaintiff requests in his complaint that he be allowed to proceed in forma pauperis, but he has not submitted a proper application in that regard. The court therefore makes no ruling on whether plaintiff may proceed in forma pauperis.

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In his civil rights complaint, plaintiff claims that defendants, who are employed by the Yolo County District Attorney's Office and Public Defender's Office, violated the Eighth Amendment's prohibition against cruel and unusual punishment when they failed to disclose exculpatory evidence to him. Plaintiff contends that if he had been aware of this evidence, he would not have entered his nolo contendere plea. Plaintiff seeks compensatory, nominal and punitive damages, each in the amount of one billion dollars. According to the court's records, plaintiff was convicted in 1994 on charges of first degree murder. See Hatchett v. Hubbard, CIV S-98-0345 WBS JFM P, Doc. No. 96.[2] Plaintiff filed a habeas petition with this court on February 26, 1998, challenging his first degree murder conviction and the sentence imposed pursuant thereto . On September 16, 2003, the petition was denied on the merits. Subsequently, in 2004, plaintiff attempted to file a successive habeas petition. See Hatchett v. Schibner, CIV S-04-0832 DFL KJM P. That second habeas action was dismissed and plaintiff was advised that he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit to proceed with a new habeas petition.

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

2

1 In <u>Heck v. Humphrey</u>, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486. Where a judgment in plaintiff's favor would necessarily invalidate his conviction or sentence the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated. <u>Id.</u> Here, plaintiff's action would implicate the validity of his underlying conviction in state court, and the record is clear that plaintiff has not had his conviction reversed, expunged or declared invalid.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hat1832.56

3